UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIANCE GLAZING TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:19 CV 1889 RWS ) |
| WHEATON & SPRAGUE ENGINEERING, INC., | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This case involves a dispute concerning construction at Barnes-Jewish Hospital and St. Louis Children's Hospital. Plaintiff was a subcontractor on the project and is also an assignee of contractor IWR North America, which was hired to design and construct the exterior enclosure systems for the project. IWR in turn hired defendant to supply architectural and engineering services for the design of the exterior enclosure systems. Plaintiff alleges that defendant failed to perform its contractual obligations on the project in numerous respects, resulting in damages to plaintiff as assignee of IWR and in its own right.

Defendant moves for a more definite statement on plaintiff's breach of contract claim pled in Count I of the complaint, claiming it cannot possibly determine how it breached one or more of the construction contracts. This motion

will be denied, as a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a). "Because of liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *McCoy v. St. Louis Public Schools*, 2011 WL 4857931, at *2 (E.D. Mo. Oct. 13, 2011). Having reviewed Count I of the complaint under these standards, the Court cannot conclude that the pleading is so "vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Accordingly, the motion for more definite statement is denied.

Defendant also moves to dismiss Counts II through V of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly,* 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal citation omitted). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56. The principle that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-79. Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679.

Having reviewed plaintiff's state law claims under the relevant standards, the motion to dismiss will be denied. Defendant argues that plaintiff cannot contemporaneously bring claims for unjust enrichment (Count II) and breach of contract (Count I) under Missouri law. This argument is rejected, as plaintiff is entitled to plead its claims for breach of contract and unjust enrichment in the alternative even if Missouri law ultimately precludes recovery under both theories. *See Penrose v. Buffalo Trace Distillery, Inc.*, 2018 WL 705054, at *5 (E.D. Mo. Feb. 5, 2018). The Court also concludes that Count II adequately pleads the elements of an unjust enrichment claim, so defendant's motion to dismiss Count II of the complaint is denied.

As for Count III of the complaint, the Court concludes that plaintiff has adequately pled that it is an intended third party beneficiary of defendant's contract with IWR such that it is not subject to dismissal at this time. Whether plaintiff will ultimately prevail on its claim is not before me at this time. As for the negligence claims (Counts IV and V), the Court concludes that they are not subject to dismissal at this time under the economic loss doctrine. Missouri's economic loss doctrine precludes tort liability in those cases in which the plaintiff seeks recovery

solely for economic losses. *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905-06 (8th Cir. 2013); *Rockport Pharmacy, Inc.v. Digital Simplistics, Inc.*, 53 F.3d 195, 197 (8th Cir. 1995). The economic loss doctrine, however, does not apply and preclude tort liability in an action based on the negligent rendition of services by a professional. *Id.* at 199 (citing *Business Men's Assurance Co. of America v. Graham*, 891 S.W.2d 438, 454 (Mo. Ct. App. 1994)). This exception is applied to negligence claims involving defendants who have been held to a professional, rather than an ordinary, standard of care and who have provided professional services to the plaintiff. *Rockport*, 53 F.3d at 453. A second exception applies where the negligent act or omission which breaches the contract may serve as a basis for an action in tort. *Union Elec. Co. v. Chicago Bridge & Iron Co.*, 2015 WL 1262941, at *6 (E.D. Mo. Mar. 19, 2015). "If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement." *Id.* (quoting *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 2008 WL 5423440, at *2 (E.D. Mo. Dec. 29, 2008)).

  Here, plaintiff alleges that defendant provided professional services and asserts these claims as an assignee of defendant's client IWR (Count IV) and as a third party beneficiary entitled to enforce contractual benefits (Count V). Given

5

plaintiff's allegations with respect to the duty of care owed to plaintiff and the nature of defendant's alleged breaches of the duty of care, it would be premature at this stage of the proceedings to conclude that plaintiff's negligence claims are barred by the economic loss doctrine. *See JR14, LLC v. Jetcorp Technical Services, Inc.*, 2017 WL 3720075, at *1 (E.D.Mo., 2017); *Captiva Lake Inv., LLC v. Ameristructure, Inc.*, 436 S.W.3d 619, 627 (Mo. Ct. App. 2014). Whether plaintiff is ultimately entitled to relief on one or more of its negligence claims is not before me at this time. Defendant's motion to dismiss Counts IV and V is denied. Defendant's request to dismiss plaintiff's prayer for prejudgment interest is denied without prejudice to being re-raised at the conclusion of this case, if appropriate.

Finally, defendant moves to strike plaintiff's claim for attorneys' fees in the complaint. As plaintiff concedes that it is not seeking attorneys' fees as damages in this case, (Doc. # 13 at Para. 44), and it does not oppose the motion to strike, the motion to strike the request for attorneys' fees is granted, and the allegations to attorneys' fees in paragraphs 42 and 50 are stricken from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for more definite statement [8] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [10] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to strike [16] is granted, and plaintiff's allegations with respect to attorneys' fees contained in paragraphs 42 and 50 of the complaint are hereby stricken.

This case will be set for a Rule 16 conference by separate Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2019.