UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLIANCE GLAZING TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) vs. ) ) WHEATON & SPRAGUE ) ENGINEERING, INC., ) ) Defendant. ) | Case No. 4:19 CV 1889 RWS |

## **MEMORANDUM AND ORDER**

This case involves a dispute concerning construction at Barnes-Jewish Hospital and St. Louis Children's Hospital. Plaintiff AGT was a subcontractor on the project and is also an assignee of contractor IWR North America, which was hired to design and construct the exterior enclosure systems for the project. IWR in turn hired defendant Wheaton to supply architectural and engineering services for the design of the exterior enclosure systems. AGT alleges that Wheaton failed to perform its contractual obligations on the project in numerous respects, resulting in damages to plaintiff as assignee of IWR and in its own right. AGT also alleged tort claims against Wheaton.

After I denied Wheaton's motion to dismiss [18], Wheaton filed a third-party complaint against the owner of the project, BJC Health System,[1] the architect Hellmuth, Obata & Kassabaum, Inc. (HOK), the program manager Jacobs Project Management Co., the general contractor ACW Alliance, and IWR.  Wheaton brings claims for contribution against HOK, Jacobs, ACW, and IWR to the extent it is found liable to AGT.  Wheaton also brings a breach of contract claim against IWR (Count V).[2]  AGT subsequently dismissed its negligence claims against Wheaton.  Therefore, the only remaining claims asserted by AGT against Wheaton in the complaint are a claim for breach of contract as the assignee of IWR (Count I), an alternative claim for unjust enrichment as assignee of IWR (Count II), and a claim for breach of contract as the third-party beneficiary of the Wheaton contracts (Count III).

The third-party defendants now move for dismissal of the contribution claims asserted against them.  They argue that Wheaton cannot seek non-contractual contribution against them as a matter of Missouri law because AGT no longer brings tort claims against Wheaton.  To the extent Wheaton argues that it is seeking contractual contribution as a third-party beneficiary entitled to enforce the third-party defendants' contracts relating to the project, the third-party defendants

---

[1] Wheaton seeks to dismiss its claims against BJC. [Doc. 94].  That motion will be granted.

[2] IWR does not seek dismissal of Count V.

2

contend that those contracts expressly preclude Wheaton from claiming that it is an intended third-party beneficiary.  Finally, all third-party defendants rely on language from a settlement agreement releasing them from any liability to AGT and IWR with respect to the project as a basis for dismissing all contribution claims against them.  This settlement agreement forms the basis of IWR's assignment of rights to AGT.  Although it was not attached as an exhibit to the complaint, its existence and some of its terms were pleaded in paragraph 6 of the complaint (Doc. 6).  The complaint was in turn attached as Exhibit A to Wheaton's third-party complaint.  (Doc. 36 ¶ 1 at 2).

    Wheaton opposes dismissal, arguing that it should still be permitted to seek contribution because AGT could reassert tort claims against it, and that non-contractual contribution remains appropriate in equity because AGT is suing it for unjust enrichment.  As for the settlement agreement, Wheaton complains that it is not properly considered on motions to dismiss and that it has not been permitted to conduct discovery on the good faith of the settlement agreement.  Although I believe I could consider the settlement agreement on the motions to dismiss if its validity were uncontested as it is fairly embraced in the pleadings, given that Wheaton questions the validity and enforceability of the settlement agreement the Court will afford Wheaton the opportunity to conduct discovery on the good faith of the settlement agreement before reaching the issues raised in the motions to

dismiss. For this reason, I will deny the motions to dismiss without prejudice to raising these issues in properly supported motions for summary judgment. The parties should file a joint proposed scheduling plan which sets out a limited discovery and summary judgment briefing schedule for issues relating to the settlement agreement only. The joint proposed scheduling plan should be filed no later than September 10, 2020.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [65, 74, 78, 82, 88] are denied without prejudice.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed scheduling plan in compliance with this Memorandum and Order no later than **September 10, 2020**.

**IT IS FURTHER ORDERED** that the motion to dismiss party [94] is granted.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2020.