UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIANCE GLAZING | ) | |
| TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19 CV 1889 RWS |
| | ) | |
| WHEATON & SPRAGUE | ) | |
| ENGINEERING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case involves a dispute concerning construction at Barnes-Jewish Hospital and St. Louis Children's Hospital.  Plaintiff AGT was a subcontractor on the project and is also an assignee of contractor IWR North America, which was hired to construct the exterior enclosure systems for the project.  IWR in turn hired defendant Wheaton to supply architectural and engineering services for the design of the exterior enclosure systems.  AGT alleges that Wheaton failed to perform its contractual obligations on the project in numerous respects, resulting in damages to plaintiff as assignee of IWR and in its own right.  AGT also alleged tort claims against Wheaton.

After I denied Wheaton's motion to dismiss [Doc. # 18], Wheaton filed a third-party complaint against the owner of the project, BJC Health System, the

architect Hellmuth, Obata & Kassabaum, Inc. (HOK), the program manager Jacobs Project Management Co., the general contractor ACW Alliance, and IWR. Wheaton brings claims for contribution against HOK, Jacobs, ACW, and IWR to the extent it is found liable to AGT.   AGT subsequently dismissed its negligence claims against Wheaton.  Therefore, the only remaining claims asserted by AGT against Wheaton in the complaint are a claim for breach of contract as the assignee of IWR (Count I), an alternative claim for unjust enrichment as assignee of IWR (Count II), and a claim for breach of contract as the third-party beneficiary of the Wheaton contracts (Count III). After I denied the motions to dismiss filed by the third-party defendants without prejudice to being refiled as motions for summary judgment following limited discovery, Wheaton filed a counterclaim against AGT and IWR.  [Doc. # 118].  In its counterclaim, Wheaton brings claims against AGT and IWR for breach of contract (Count I), quantum meruit (Count II), and negligence (Count III).

AGT and IWR now move for dismissal of the negligence claim on the ground that they owe no duty to Wheaton, and to the extent the source of the duty is the contract between IWR and Wheaton, then the claim is barred by the economic loss doctrine.  AGT also moves to dismiss all counterclaims against it on the ground that it has no contractual relationship with Wheaton.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly,* 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal citation omitted). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.  The

plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56. The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-79. Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679.

Wheaton argues that its allegation that "AGT and IWR owed a duty to Wheaton to perform their work on the projects with a reasonable degree of care" is sufficient to avoid dismissal. This barebones legal conclusion is insufficient to state a negligence claim against AGT in this case where there are no facts alleged that could give rise to a duty of care. There is no contract between AGT and Wheaton, and Wheaton alleges only economic damages resulting from the alleged breach of duty. Wheaton has alleged no facts from which a reasonable inference can be drawn that a duty of care is owed by AGT in this case sufficient to rise

Wheaton's right to relief against AGT in Count III of the counterclaim above a speculative level.  AGT's motion to dismiss Count III will be granted.

IWR argues that Wheaton's negligence claim against it is barred by Missouri's economic loss doctrine.  Missouri's economic loss doctrine precludes tort liability in those cases in which the plaintiff seeks recovery solely for economic losses.  *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905-06 (8th Cir. 2013); *Rockport Pharmacy, Inc.v. Digital Simplistics, Inc.*, 53 F.3d 195, 197 (8th Cir. 1995).  Wheaton raised this same argument in its motion to dismiss AGT's negligence claim.  As I explained in my prior order denying Wheaton's motion to dismiss, the economic loss doctrine, however, does not apply and preclude tort liability in an action based on the negligent rendition of services by a professional.  *Id.* at 199 (citing *Business Men's Assurance Co. of America v. Graham*, 891 S.W.2d 438, 454 (Mo. Ct. App. 1994)). This exception is applied to negligence claims involving defendants who have been held to a professional, rather than an ordinary, standard of care and who have provided professional services to the plaintiff.  *Rockport*, 53 F.3d at 453.  A second exception applies where the negligent act or omission which breaches the contract may serve as a basis for an action in tort.  *Union Elec. Co. v. Chicago Bridge & Iron Co.*, 2015 WL 1262941, at *6 (E.D. Mo. Mar. 19, 2015). "If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party

sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement." *Id.* (quoting *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 2008 WL 5423440, at *2 (E.D. Mo. Dec. 29, 2008)). Because Wheaton provided architectural and engineering services for the design of the exterior enclosure systems, I concluded that an exception to the economic loss doctrine prevented the Court from dismissing AGT's negligence claims at that time.[1]  Wheaton argues that the same standard should apply to its negligence counterclaim, but the professional services exception does not apply because IWR was not hired by Wheaton to render professional services.  Moreover, Missouri courts do not apply the professional services exception to contractors such as IWR providing construction services.  *See Business Men's Assur. Co. of America v. Graham*, 891 S.W.2d 438, 454 (Mo. Ct. App. 1995).  As Wheaton seeks only economic damages in its negligence claim, the economic loss doctrine bars its claim against IWR asserted in Count III of the counterclaim.  IWR's motion to dismiss Count III will be granted.

AGT moves to dismiss the remaining breach of contract and quantum meruit claims asserted against in Counts I and II of the counterclaim for the very simple reason that no contract exists between AGT and Wheaton.  Wheaton argues that

---

[1] As previously explained, after I denied the motion to dismiss the negligence claims, AGT dismissed them on its own motion.

"if no contract exists" between them, then AGT's claims for breach of contract and quantum meruit asserted against Wheaton should likewise be dismissed for the same reason.  This argument fails because AGT asserts its breach of contract and quantum meruit claims as an intended third-party beneficiary of the contract between IWR and Wheaton.  That, however, does not mean that Wheaton gets to sue AGT for breaches of the contract that may have been committed by IWR.[2]  As AGT correctly points out, Wheaton retains the right to assert its contractual defenses to relief against AGT as the assignee of IWR and as a third-party beneficiary, but that right does not translate into a right to sue AGT for breaches of the contract between Wheaton and IWR.  Here, Wheaton does not allege that it is an intended third-party beneficiary of the contract between AGT and IWR, so it is not in the same position as AGT and has no corresponding right to assert the same grounds for relief.  In its opposition, Wheaton requests leave to amend its contract claim to assert that it is an intended third-party beneficiary in the event the Court grants AGT's motion to dismiss the contract claim.  The Court cannot grant leave to amend without a motion for leave to amend, accompanied by a proposed amended counterclaim, first being properly filed with the Court.  However, the Court will dismiss Counts I and II of the counterclaim against AGT without

---

[2] Notably, Wheaton is suing IWR in its own right for those alleged breaches, and IWR has not sought dismissal of those claims.

7

prejudice in the event that Wheaton chooses to seek leave to amend Counts I and II of its counterclaim against AGT.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion to dismiss [121] is granted, and Count III of the counterclaim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion to dismiss [122] is granted, and Counts I and II of counterclaim are dismissed without prejudice as to AGT only.  Any motion for leave to amend Counts II and III of the counterclaim against AGT must be filed no later than twenty (20) days from the date of this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2020.