UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIANCE GLAZING TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:19 CV 1889 RWS |
| WHEATON & SPRAGUE ENGINEERING, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This case involves a dispute concerning construction at Barnes-Jewish Hospital and St. Louis Children's Hospital.  Plaintiff AGT was a subcontractor on the project and is also an assignee of contractor IWR North America, which was hired to design and construct the exterior enclosure systems for the project.  IWR in turn hired defendant Wheaton to supply architectural and engineering services for the design of the exterior enclosure systems.  AGT alleges that Wheaton failed to perform its contractual obligations on the project in numerous respects, resulting in damages to plaintiff as assignee of IWR and in its own right.  AGT also alleged tort claims against Wheaton.

After I denied Wheaton's motion to dismiss, Wheaton filed a third-party complaint against the owner of the project (BJC Health System), the architect

(Hellmuth, Obata & Kassabaum, Inc. or HOK), the program manager (Jacobs Project Management Co.), the general contractor (ACW Alliance), and IWR.[1] Wheaton brings claims for contribution against HOK, Jacobs, ACW, and IWR to the extent it is found liable to AGT.  Wheaton also brings a claim entitled breach of contract against IWR in Count V of its third-party complaint.  However, IWR asserts, and Wheaton agrees, that Wheaton's Count V is actually one for non-contractual indemnity, not breach of contract.  (*See* Wheaton's Opp. to Motion to Dismiss Count V, Document # 149 at 3, wherein Wheaton states that "[t]hese alleged facts form the basis for Wheaton's indemnity claim under Count V of its 3rd Party Complaint against IWR.").  AGT has now dismissed its negligence and unjust enrichment claims against Wheaton.  Therefore, the only remaining claims asserted by AGT against Wheaton in the complaint are a claim for breach of contract as the assignee of IWR (Count I) and a claim for breach of contract as the third-party beneficiary of the Wheaton contracts (Count III).

This matter is before me on motions brought by the third-party defendants. IWR renews its motion to dismiss the claims asserted against in Counts V and VI of the third-party complaint.  As for the contribution claim asserted in Count VI, IWR contends that Missouri law precludes contribution actions for contract claims.

---

[1] Wheaton sought leave to dismiss its claims against BJC and ACW (Docs. 94 and 115), and those motions were granted by the Court (Docs. 111 and 117).

In other words, because AGT no longer brings tort claims against Wheaton, Wheaton has no right to seek contribution from IWR.  IWR also argues that Wheaton cannot seek indemnity against IWR for its own breaches of contract in Count V of the third-party complaint.  Stated otherwise, if "IWR's actions caused harm to AGT, WSE would not be responsible for those actions."  (Doc. 148 at 2).

Wheaton opposes dismissal of Count V, which it admits is really an indemnity claim, on the ground that "Wheaton and IWR each allegedly breached overlapping duties to AGT" such that "Wheaton is entitled to indemnity from IWR to the extent that IWR caused the damages sought by AGT."  (Doc. 149 at 5).  As for Count VI, Wheaton argues that it is entitled to seek contribution from IWR whether or not they are joint tortfeasors under the equitable doctrine of contribution.  Wheaton also claims that "Missouri courts recognize a right of proportionate contribution among contractors who share a common liability with each other, regardless of the lack of any tort claims."  (Doc. 150 at 5).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal citation omitted). This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" *Twombly*, 550 U.S. at 556, and reviews the complaint to

determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56.  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678-79.  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.* at 679.

In its third-party beneficiary claim, AGT alleges that Wheaton breached its contractual duties to IWR, resulting in damages to AGT.  In Missouri, "[t]he party against whom contribution is sought must be a tort-feasor, originally liable to the injured party." *Automobile Club Inter-Insurance Exchange, By and Through Club Exchange Corp. v. Farmers Ins. Co., Inc.*, 646 S.W.2d 838, 840 (Mo. Ct. App. 1982) (citing *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 730 (Mo. banc 1982) (no contribution where parties are not under a common liability)). Because Wheaton is no longer being sued by AGT for tort claims, Wheaton is not entitled to seek contribution from IWR for AGT's breach of contract claims as a matter of law.  *See Tiffany Industries, Inc. v. Harbor Ins. Co.*, 536 F. Supp. 432, 434 (W.D. Mo. 1982).  Count VI of the third-party complaint is dismissed.

In Count V, Wheaton seeks implied indemnity, commonly called "non-contractual indemnity" or "equitable indemnity," from IWR in the event that it is found liable to AGT on AGT's third-party beneficiary breach of contract claim. Equitable indemnity is defined in Missouri as "indemnity between joint tort-

feasors culpably negligent, having no legal relationship to each other and does not include indemnity which comes about by reason of contract, or by reason of vicarious liability." *Thompson v. Nationwide Affinity Insurance Company of America*, 2018 WL 9945329, at *4 (W.D. Mo. Dec. 12, 2018). Implied indemnity is a right that "inures to the person who has discharged a duty that is owed by him, but which, as between himself and another, should have been discharged by the other, so that if the other does not reimburse the person, the other is unjustly enriched to the extent that his liability has been discharged." *SSM Healthcare St. Louis v. Radiologic Imaging Consultants*, 128 S.W.3d 534, 539 (Mo. Ct. App. 2003). "[W]hen a person, who without any fault on his part, is exposed to liability and compelled to pay damages on account of the negligence of another, that person has a right of action against the active tortfeasor on the theory of an implied contract of indemnity." *Beeler v. Martin*, 306 S.W.3d 108, 110–11 (Mo. Ct. App. 2010) (internal quotations and citations omitted). "The right to implied indemnity depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer they may recover from him." *City of St. Joseph v. Kaw Valley Tunneling, Inc.*, 660 S.W.2d 26, 30 (Mo. Ct. App. 1983).

Here, AGT is only suing Wheaton for its own alleged breaches of contract. AGT is claiming its damages resulted solely from Wheaton's actions. If another

party (such as IWR) actually caused AGT's damages, that fact is a defense to liability on AGT's breach of contract claims.  Therefore, evidence that Wheaton did not breach the contract with IWR and that AGT's damages were not caused by Wheaton is relevant and admissible in connection with Wheaton's defense of the case.  However, even if true this argument does not give rise to a right of indemnity against IWR under Missouri law.  Wheaton's reliance upon *Kaw Valley* is completely misplaced because that case involved both negligence claims and contractual obligations not at issue here.[2]  There are no negligence claims against IWR in this case, and Wheaton can point to no contractual undertaking that would obligate IWR to indemnify Wheaton for Wheaton's breach of contract. IWR's motion to dismiss Count V of the third-party complaint is granted.

The remaining third-party defendants, HOK and Jacobs, move for summary judgment on the contribution claims asserted against them by Wheaton in the third-party complaint.  (Docs. 151, 154).  Those motions are fully briefed.  Among other grounds, HOK and Jacobs argue that Wheaton cannot bring contribution claims against them because AGT is no longer pursuing tort claims against Wheaton. This is the same issue just resolved by the Court in connection with IWR's motion to dismiss.  Although Wheaton argues that there are factual disputes which

---

[2] And it did not discuss contribution claims at all, so Wheaton's citation of this case to support its claim of contribution is similarly flawed.

preclude summary judgment on other grounds raised in the motions filed by HOK and Jacobs, it does not contend that this issue cannot be decided as a matter of law. In opposition to summary judgment on this ground, Wheaton makes the same legal arguments it made in opposition to IWR's motion to dismiss Count VI of the third-party complaint.

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

Having reviewed the motions for summary judgment under the relevant standards, the Court concludes that there are no factual disputes which would preclude judgment as a matter of law in favor of defendants HOK and Jacobs on Wheaton's contribution claims.  HOK and Jacobs are entitled to summary judgment in their favor on Wheaton's contribution claims asserted against them for the same reasons discussed above in connection with IWR's motion to dismiss

Count VI of the third-party complaint.  Because Wheaton is no longer being sued

by AGT for tort claims, Wheaton is not entitled to seek contribution from HOK

and Jacobs for AGT's breach of contract claims as a matter of Missouri law.  *See*

*Tiffany Industries, Inc. v. Harbor Ins. Co.*, 536 F. Supp. 432, 434 (W.D. Mo.

1982).  Counts II (against HOK) and III (against Jacobs) of the third-party

complaint are dismissed.  As previously discussed in connection with Wheaton's

indemnity claim against IWR, if another party (such as HOK and/or Jacobs) caused

AGT's damages, that fact is a defense to liability on AGT's breach of contract

claims.  Therefore, evidence that AGT's damages were caused by HOK and/or

Jacobs instead of Wheaton is relevant and admissible in connection with

Wheaton's defense of the breach of contract claims.  Because the Court is granting

summary judgment to HOK and Jacobs on this basis, it need not, and therefore

does not, consider the alternative grounds for summary judgment raised in the

motions.[3]

Finally, AGT and Wheaton shall submit a joint proposed scheduling plan for

the Court's consideration which sets out proposed deadlines for any remaining

discovery, motion practice, mediation, and a potential trial date for the remaining

---

[3] Wheaton's arguments that Jacobs was negligent or that it "might be" a third-party beneficiary of  Jacob's management agreements do not preclude summary judgment because Wheaton has not brought negligence or breach of contract claims against Jacobs.  The only claim asserted against Jacobs is for contribution, and these allegations are not material to the resolution of the solely legal issue of whether Wheaton can seek contribution for breach of contract claims.

claims in this case no later than twenty (20) days from the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [145, 147] are granted, and third-party plaintiff's claims against third-party defendant IWR North America, LLC are dismissed.

**IT IS FURTHER ORDERED** that defendants' motions for summary judgment [151, 154] are granted, and defendants HOK Architects, Inc. and Jacobs Project Management Co. shall have summary judgment on third-party plaintiff's claims asserted against them, and third-party plaintiff's complaint against defendants HOK Architects, Inc. and Jacobs Project Management Co. is dismissed.

**IT IS FURTHER ORDERED** that AGT and Wheaton shall submit a joint proposed scheduling plan for the Court's consideration which sets out proposed deadlines for any remaining discovery, motion practice, mediation, and a potential trial date for the remaining claims in this case no later than twenty (20) days from the date of this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April 2021.

10